**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| AMADO PEREZ, JR., § | |
| § | |
| V. § | A-14-CA-880-SS |
| § | |
| WILLIAM STEPHENS, Director, § | |
| Texas Dept. of Criminal Justice– § | |
| Correctional Institutions Division. § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

Before the Court are Petitioner's Amended Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 4); Respondent's Answer (Document 14); and Petitioner's response thereto (Document 15). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

**STATEMENT OF THE CASE**

**A.   Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 427th Judicial District Court of Travis County, Texas, in cause number D-1-DC-12-204354. A jury found Petitioner guilty of burglary of a habitation. Petitioner

acknowledged as true a sentence enhancement based on a previous felony conviction. The jury assessed punishment of 40 years' imprisonment.

Perez appealed his conviction, and the Thirteenth Court of Appeals of Texas affirmed. *Perez v. State*, No. 13-13-00407-CR (Tex. App.—Corpus Christi–Edinburg Dec. 30, 2013). Petitioner did not file a petition for discretionary review with the Texas Court of Criminal Appeals.

Petitioner then filed three applications for state habeas corpus relief. The first was dismissed because Petitioner's appeal was pending. *Ex parte Perez*, WR-81,259-01, at cover (Tex. Crim. App. May, 7, 2014). The Court of Criminal Appeals denied the second application without a written order. *Ex parte Perez*, WR-81,259-02, at cover (Tex. Crim. App. Aug. 6, 2014). The Court of Criminal Appeals dismissed the third application without a written order. *Ex Parte Perez*, WR-81,259-03, at cover (Tex. Crim. App. Oct. 29, 2014).

**B.     Factual Background**

At trial, Officer Kyle Sargent testified he had been dispatched to a report of a burglary of a residence in Southwest Austin. Doc. 11-14, Memorandum Opinion, at 2. When Officer Sargent arrived at the residence, a woman at the house next door told him that the residents of the house in question were not home. *Id.* at 3. Officer Sargent observed the area of the house near the front door and saw a Hispanic man inside the doorway. *Id.* The man said, "oh, shit," before shutting the door and retreating back inside the house. *Id.* Officer Sargent called for backup. *Id.* After a minute or so, the officers heard a sound in the backyard. *Id.* An officer checked behind the home, where he eventually detained Petitioner. *Id.* Officer Sargent identified Petitioner in the courtroom and stated he was "[o]ne hundred percent certain" Petitioner was the man he saw inside the house. *Id.*

C.   **Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. Petitioner's counsel was ineffective for:

   a. failing to consult with or advise Petitioner and failing to determine whether he was guilty of the crime charged;

   b. failing to object to photographic evidence introduced without witnesses present;

   c. failing to present evidence of clothes Petitioner was wearing;

   d. failing to investigate the case properly;

   e. representing Petitioner despite a conflict of interest;

   f. failing to convey a plea offer from the State; and

   g. failing to object to the trial court's decision not to direct a verdict in Petitioner's favor.

2. The evidence was insufficient to support a conviction, and exculpatory evidence proves Petitioner's innocence.

3. The police improperly investigated the case.

4. The State committed perjury.

5. Petitioner's rights were otherwise violated because of a miscarriage of justice.[1]

D.   **Exhaustion of State Court Remedies**

Respondent asserts that Petitioner failed to exhaust his state remedies with respect to his second claim that the evidence was insufficient to support Petitioner's conviction. Respondent says Petitioner raised this claim on direct appeal but failed also to raise the claim to the Court of Criminal

---

[1]Petitioner raised grounds 1(e)–(g) and 5 for the first time in his reply brief. Those arguments, thus, normally would be waived. Because Petitioner is proceeding pro se, however, the Court will address these claims. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Appeals in a petition for discretionary review. Accordingly, Respondent concludes, this claim is procedurally barred from this Court's review. The Court will address this assertion below.

## DISCUSSION AND ANALYSIS

### A. The Antiterrorism and Effective Death Penalty Act of 1996

The Supreme Court has summarized the basic principles that have grown out of the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act. *See Harrington v. Richter*, 562 U.S. 86, 97–100 (2011). The Court noted that the starting point for any federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Court noted that "[b]y its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington*, 562 U.S. at 98.

One of the issues *Harrington* resolved was "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." *Id.* Following all of the Courts of Appeals' decisions on this question, *Harrington* concluded that the deference due a state court decision under § 2554(d) "does not require that there be an opinion from the state court

explaining the state court's reasoning." *Id.* (citations omitted). The Court noted that it had previously concluded that "a state court need not cite nor even be aware of our cases under § 2254(d)." *Id.* (citing *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam)). When there is no explanation with a state-court decision, the habeas petitioner's burden is to show there was "no reasonable basis for the state court to deny relief." *Id.* And even when a state court fails to state which of the elements in a multi-part claim it found insufficient, deference is still due to that decision, because "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated." *Id.*

As *Harrington* noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. *Harrington*, 562 U.S. at 100 (citing 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Dowthitt v. Johnson*, 230 F.3d 733, 740 (5th Cir. 2000) (quotation and citation omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

*Id.* at 740–41 (quotation and citation omitted). Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing

legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 741 (quotation and citation omitted). The provisions of § 2254(d)(2), which allow the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by the terms of the next section of the statute, § 2254(e). That section states that a federal court must presume state court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). But absent such a showing, the federal court must give deference to the state court's fact findings. *Id.*

### B.     Ineffective Assistance of Counsel

In his first ground for relief, Petitioner argues he was denied effective assistance of counsel for various reasons. Petitioner raised this same issue in his state application for habeas corpus relief. The Court of Criminal Appeals rejected the merits of Petitioner's claim. As such, the AEDPA limits the scope of this Court's review to determining whether the adjudication of Petitioner's claim by the state court either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Ineffective assistance of counsel claims are analyzed under the well-settled standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the

> defendant of a fair trial, a trial whose result is reliable. Unless a defendant can make both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687. In deciding whether counsel's performance was deficient, the Court applies a standard of objective reasonableness, keeping in mind that judicial scrutiny of counsel's performance must be highly deferential. *Id.* at 686–89. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (citation omitted). Ultimately, the focus of inquiry must be on the fundamental fairness of the proceedings whose result is being challenged. *Id.* at 695–97. Accordingly, in order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 687.

    1.    <u>Failure to Consult With, Advise, or Interview Petitioner About the Case</u>

Petitioner first asserts his attorney did not consult with him, inquire about or prepare any potential defense, or attempt to determine if he was guilty of the offense. Petitioner also says counsel did not advise him regarding the case and, instead, neglected Petitioner and his case.

To establish his counsel's investigation was deficient, Petitioner must specify what more counsel would have uncovered had the investigation been proper and how it would have altered the

7

outcome of his trial. *See Trottie v. Stephens*, 720 F.3d 231, 243 (5th Cir. 2013); *Gregory v. Thaler*, 601 F.3d 347, 352 (5th Cir. 2010). Petitioner has not done this. He does not allege what facts counsel neglected or how those facts would have affected his trial, does not specify what defense could have been presented, and does not allege how informing counsel he is not guilty of the crime would have altered counsel's performance. Though it likely would constitute deficient performance for an attorney not to advise his client about his case or to neglect his client outright, Petitioner provides no evidence that counsel actually did those things. His bald assertion of this is insufficient to warrant federal habeas corpus relief. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). Petitioner's unsupported claims do not raise a constitutional issue.

      2.      <u>Failure to Object to Admission of Photographic Evidence</u>

Petitioner next says counsel failed to object to the admission into evidence of a photograph of another man standing in front of a vehicle apparently left at the crime scene. He asserts the photograph was admitted too late, after all three eyewitnesses had left the courtroom, and none of the witnesses had made an in-court identification of Petitioner.

The photograph Petitioner says should not have been allowed into evidence is of a man named Steven Flores. The photograph was admitted during the testimony of Gina Gaddy, a detective with the Austin Police Department. Ms. Gaddy testified she received the picture from the 911 caller who spotted a car leaving the scene of an earlier attempted burglary. Doc. 11-6 at 93–95. She said another detective in her unit identified Flores in the picture because he was involved with Flores in a different case. *Id.* at 95–96. Ms. Gaddy also testified Flores was not the same person as Petitioner, who was earlier seen in the police video of the arrest. *Id.* at 99–100.

This Court can find no reason why counsel should have objected to the photograph, and Petitioner fails to provide one. Nor does Petitioner assert an objection would have been sustained and the photograph excluded from evidence or explain how exclusion of the photograph would have affected the outcome of his trial. To the extent Petitioner is arguing the photograph should have been admitted during the testimony of one of the eyewitnesses, his claim is without merit because Ms. Gaddy was the person to whom the 911 caller gave the picture; there is no evidence any of the three eyewitnesses saw the picture of the man. Moreover, Officer Sargent did identify Petitioner as the man he saw inside the house. Doc. 11-6 at 31. Without any evidence or allegations in support of this claim, it also fails.

    3.    <u>Failing to Present Evidence Regarding Petitioner's Clothes</u>

Petitioner next asserts counsel failed to admit into evidence the clothing Petitioner says he was wearing the night he was arrested. According to Petitioner, his clothing—a red shirt and light gray pants—did not match any eyewitness's description of the suspect's clothing as "a black cap, red shirt, and black or dark blue shorts." Doc. 15 at 2.

All three eyewitnesses similarly described one of the two burglary suspects. Officer Sargent described one suspect as wearing a loose-fitting red shirt. Doc. 11-6 at 27. Louis Schmitz, a neighbor of the burglarized house who called 911 to report the burglary, described the two men he saw breaking into the house. From approximately 60 feet away, and without his glasses, he said one suspect was wearing a red shirt and possible blue jeans, the other a white shirt and blue shorts. *Id.* at 12. Jacob Harnett was the other eyewitness who saw the two men moving quickly through his neighborhood. He reported seeing two men, one wearing a red shirt and blue jeans and the other wearing a white shirt and blue shorts. *Id.* at 77–78.

None of these witnesses reported seeing a man wearing "a black cap," or the man with the red shirt wearing "black or dark blue shorts," as Petitioner says they did. Though Petitioner says he was wearing light gray pants, no eyewitness said they thought the suspect wearing a red shirt also was wearing dark pants or shorts; one witness was unsure and suggested the suspect was wearing blue jeans, and the other eyewitness reported the suspect as wearing blue jeans. But all three eyewitnesses reported a man wearing a red shirt, which Petitioner agrees he was wearing the night of the burglary. Admitting evidence of the red shirt, even with the conflicting reports regarding the color of Petitioner's pants, would have strengthened the State's evidence showing one suspect was wearing a red shirt and the inference that suspect was Petitioner. Counsel's decision not to admit this evidence cannot be described as unreasonable. Moreover, Petitioner does not explain how that decision prejudiced him. This claim, too, fails.

   4.   Failure to Investigate Properly

Petitioner next says counsel failed to review the district attorney's file, conduct an independent investigation, interview the State's witnesses, or review the enhancement allegations. This claim is effectively the equivalent of the claim raised in Petitioner's first allegation of ineffective assistance. For the same reasons that claim failed, so must this claim: Petitioner provides no specific allegations regarding what counsel could have or should have investigated or how that information would have altered the outcome of his trial. *See Trottie*, 720 F.3d at 243; *Gregory*, 601 F.3d at 352.

   5.   Conflict of Interest

Petitioner next contends counsel represented him despite a conflict of interest. Petitioner says he filed a grievance against his attorney for not visiting Petitioner sufficiently to discuss his case

or reviewing the evidence with Petitioner. Counsel still represented Petitioner despite this alleged conflict and, Petitioner insists, neglected Petitioner's case because of the conflict.

To establish a constitutional violation, Petitioner must show his attorney operated with an actual conflict of interest that affected the attorney's performance. *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). Petitioner must show "his counsel actively represented conflicting interests" from Petitioner's. *Id.* at 350. Petitioner must provide "something more" than a conclusory allegation of an actual conflict to obtain habeas corpus relief. *Perillo v. Johnson*, 205 F.3d 775, 802 (5th Cir. 2000). Here, Petitioner does not give anything more than his allegations to substantiate his claim that counsel had a conflict of interest. He does not specify how counsel's performance was affected by the grievance Petitioner filed or how counsel would have performed better, and the outcome of the trial differed, had Petitioner not grieved counsel's performance. Without "something more" to substantiate this claim, *Johnson*, 205 F.3d at 802, it also fails.

6.  Failure to Convey a Plea Offer

Petitioner next asserts counsel failed to convey to him a plea offer from the State of six years in prison. Petitioner says counsel, instead, only asked Petitioner if he wanted to counter the 15-year offer the State had made at the start of negotiations.

Once again, the record defeats Petitioner's claim. The State did offer Petitioner a six-year sentence. The State also discussed the offer in court, noting the offer would be left open that day only. Doc. 11-4 at 5. The court asked Petitioner's attorney whether Petitioner wished to accept the offer. *Id.* at 5–6. Counsel told the court Petitioner himself wanted to answer the court's question; Petitioner then rejected the offer. *Id.* at 6. ("THE COURT: . . . Do you wish to accept the State's

offer, sir? THE DEFENDANT: No, Your Honor."). There is absolutely no truth to Petitioner's assertion that counsel failed to mention this offer to Petitioner. This claim for relief is without merit.

       7.      <u>Failure to Object to Court's Refusal to Direct a Verdict of Not Guilty</u>

Last, Petitioner asserts, without elaboration, that counsel failed to object to the court's refusal to direct a verdict of not guilty. But Petitioner did not move for a directed verdict during the trial. A trial judge has no obligation to direct a verdict sua sponte. And as discussed below, the evidence of Petitioner's guilt was overwhelming, so there was no basis on which the court should have directed a verdict in Petitioner's favor. Counsel was not ineffective for not requesting, or objecting to, an order the court would have had no basis to render.

       8.      <u>Conclusion</u>

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, the Court is of the opinion that 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Petitioner's claim that he received ineffective assistance of trial counsel.

**C.    Insufficiency of the Evidence**

Petitioner next asserts there is no evidence identifying him as the burglar, and thus the evidence presented at trial was insufficient to support his conviction. He points out the supposed lack of fingerprints, photographic evidence, or identifying information tying him to the burglary.

Petitioner presented this same claim in his state application for habeas corpus relief. Although the Court of Criminal Appeals stated no reasons when it denied habeas relief, that court has long held that the sufficiency of the evidence may be raised only on direct appeal and may not

be raised in a state habeas proceeding. *West v. Johnson*, 92 F.3d 1385, 1389 n.18 (5th Cir. 1996); *Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994). Here, however, Petitioner also raised his claim regarding the insufficiency of the evidence in his direct appeal. But Petitioner failed to raise that issue in a petition for discretionary review to the Court of Criminal Appeals.[2] By not presenting his claim to the highest state court of review, Petitioner has failed to exhaust this claim. *See Finley v. Johnson*, 243 F.3d 215, 219 (5th Cir. 2001); *Magouirk v. Phillips*, 144 F.3d 348, 360–61 (5th Cir. 1998). This claim, thus, is defaulted and beyond this Court's review. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92–93 (5th Cir. 1989).[3]

**D.   Improper Police Investigation**

Petitioner next asserts the police failed to investigate the burglary thoroughly. Petitioner says the police found fingerprints belonging to an unidentified person yet did not determine the source of those prints. He also says the police did not investigate a man or a vehicle seen near the burglarized home in a photo submitted in evidence during the trial.

Though Petitioner's allegations in this claim are not entirely clear, it appears he is contesting only the State's handling of the investigation. To the extent Petitioner alleges the investigating officers violated one of his constitutional rights during the investigation, his claim belongs in a civil action under 42 U.S.C. § 1983; that claim does not challenge the fact or duration of his confinement,

---

[2]In his Response, Petitioner says he failed to file a petition for discretionary review because he ran out of time and was not granted an extension of time. Doc. 15 at 5. To the extent Petitioner suggests the denial of an extension of time was error, the claim is not cognizable in this proceeding because it involves an error of state law and, thus, is not cognizable in a petition under § 2254. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

[3]Even if this claim were not defaulted, however, the evidence against Petitioner—which includes three eyewitness identifications—is sufficient to support the verdict.

nor does he seek a finding by this Court that would result in a speedier release from prison. This claim, therefore, is not cognizable under 28 U.S.C. § 2254 and should be dismissed.

**E.     Perjury by the State**

Next, Petitioner says the State committed perjury when the district attorney submitted a false statement of facts to the Court of Appeals. According to Petitioner, the district attorney told the Court of Appeals two eyewitnesses had identified Petitioner as the individual they saw at the scene of the crime and gave descriptions matching Petitioner. Petitioner says the witnesses' descriptions of the clothes the suspect was wearing actually did not match Petitioner's clothes when he was arrested on the night of the burglary.

As mentioned above, the record refutes this claim. One eyewitness described one of the suspects as wearing a red shirt and the other as wearing a white shirt and blue shorts or blue jeans. Doc. 11-6 at 12. The witness was not sure whether he had recalled the suspect as wearing blue jeans. *Id.* In its statement of the facts on appeal, the State recounted this testimony, noting that this witness saw two men break into a home, one was "wearing a red shirt and pants, the other was wearing a white shirt." Doc. 11-12, State's Brief, at 3. That description is consistent with what the witness said at trial, including the witness's uncertainty whether the first suspect was wearing blue jeans and whether the second suspect was wearing shorts or jeans. The other eyewitness described one suspect he saw breaking into the house as wearing a red shirt and blue jeans and the other as wearing a white shirt and blue shorts. Doc. 11-6 at 77–78. The State's appellate brief accurately described the second witness as having testified he saw two men, one "was wearing a red shirt and jeans and the other was wearing a white shirt and shorts." Doc. 11-12 at 3. There was no incorrect statement of the facts and, thus, no perjury committed by the State. This claim is without merit.

### F.     Miscarriage of Justice

Petitioner lastly lumps various other claims into a catch-all category alleging a miscarriage of justice. He first says he was denied his right under the due process clause to examine all of the State's evidence. Putting aside that Petitioner raised this claim nowhere in his direct or collateral appeals in the state courts, there is no federal constitutional right to review all of the State's evidence. Defendants are entitled to all favorable evidence "'material either to guilt or to punishment,'" *United States v. Bagley*, 473 U.S. 667, 674–76 (1985) (quoting *Brady v. Maryland*, 373 U.S. 83, 87 (1963)), and to rebut evidence the State presents at the trial, *see Kittelson v. Dretke*, 426 F.3d 306, 318–19 (5th Cir. 2005) (citing cases). But there is no constitutional right to view all the evidence the State collects during the investigation, material and immaterial, but does not present at trial. Moreover, even if there were such a right, Petitioner's counsel testified at Petitioner's arraignment that the State had given him an open file and answered all of his questions. Doc. 11-4 at 6. There is no evidence that the State kept anything from Petitioner, and he does not suggest otherwise.

Petitioner next alleges he was questioned, presumably by the police, without counsel present and without being read the *Miranda* warnings. Again, Petitioner appears not to have raised this issue on direct or collateral appeal in the state courts. Nor does he give any evidence or information to corroborate this claim. He does not say when he was questioned; why counsel was required; what was asked; what he said, if he said anything at all; or how, or whether, any information revealed during the questioning was used to his detriment at trial or otherwise. This claim comes well short of warranting habeas corpus relief or further comment.

Finally, Petitioner says he was denied a preliminary hearing to determine whether the evidence was sufficient to proceed to trial. Petitioner does not specify what constitutional right he believes was violated without this hearing. In fact, there is no constitutional entitlement to such a hearing. Petitioner's arrest was supported by a warrant detailing Officer Sargent's observations from the day of the burglary. A grand jury later indicted Petitioner for burglary of a habitation. And as detailed above, the evidence presented at trial was sufficient to support the indictment and the eventual conviction. There is nothing to this claim.

## **RECOMMENDATION**

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## **CERTIFICATE OF APPEALABILITY**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's

underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## **OBJECTIONS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 2nd day of September, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE