## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

**AMADO PEREZ JR.,**

           **Petitioner,**

**-vs-**                                                    **Case No.  A-14-CA-880-SS**

**WILLIAM STEPHENS,**

           **Respondent.**

---

## <u>O R D E R</u>

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, specifically Petitioner Amado Perez Jr.'s Amended Application for Habeas Corpus Relief under 28 U.S.C. § 2254 [#4], Respondent William Stephens's Response [#14] thereto, Petitioner's Reply [#14] in support, the Report and Recommendation (R&R) of the United States Magistrate Judge [#18], and Petitioner's Objections [#21].  Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and orders ACCEPTING the R&R and DENYING Petitioner's Application.

All matters in this case were referred to United States Magistrate Judge Andrew Austin for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.  Petitioner is entitled to de novo review of the portions of the Magistrate Judge's report to which she filed specific objections.  28 U.S.C. § 636(b)(1).  All other review is for plain error.  *Starns v. Andrews*, 524 F.3d 612, 617 (5th



Cir. 2008). Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

## Background

### A.      Procedural Background

Petitioner is currently incarcerated pursuant to a judgment and sentence rendered by the 427th Judicial District Court of Travis County, Texas, in cause number D-1-DC-12-204354. Petitioner was charged with burglary of a habitation, enhanced with one prior felony conviction.[1] Petitioner pleaded not guilty to the burglary charge but pleaded true to the enhancement. The jury found Perez guilty as charged and sentenced him to forty years' imprisonment.

Petitioner's conviction was affirmed on December 30, 2013. *See Perez v. State*, No. 13-13-00407-CR, 2013 WL 6924046, at *4 (Tex. App.—Corpus Christi–Edinburg Dec. 30, 2013, no pet.). Petitioner did not seek discretionary review with the Texas Court of Criminal Appeals. He did, however, file three state applications for habeas corpus relief. Petitioner's first application was dismissed because Petitioner's appeal was pending. *Ex parte Perez*, WR-81,259-01, at cover (Tex. Crim. App. May, 7, 2014). Petitioner's second application was denied without a written order. *Ex parte Perez*, WR-81,259-02, at cover (Tex. Crim. App. Aug 6, 2014). Petitioner's third application was dismissed without a written order. *Ex parte Perez*, WR-81,259-03, at cover (Tex. Crim. App. Oct. 29, 2014). The instant proceeding followed.

---

[1] In his Objections, Petitioner disputes whether he acknowledged the sentence enhancement as true. *See* Objections [#21] at 2. According to Petitioner, the enhancement is based on a wrongful previous felony conviction currently under review in the Texas court of appeals. *Id.*

B.      **Factual Background**

The factual background of this case is found in the Court of Appeals[2] opinion:

At trial, Officer Kyle Sargent of the Austin Police Department testified that on August 12, 2012, he was on patrol in Southwest Austin when "a call came out as a burglary urgent hotshot," which is "a way for dispatch to notify . . . [police officers] that . . . [they] need to run lights and sirens, which is also a code 3." Officer Sargent then testified in relevant part as follows:

> I arrived on Edgeware and parked I believe it was in front of 1912, which is just west of 1910. I parked on the north side of Edgeware. And as I exited my patrol car I walked toward the front yard of 1910. I saw a white female standing in front of 1912 who stated the people that lived in 1910 weren't home. And I also noticed a tan older model Chevy Blazer in the driveway of 1910 Edgeware. . . .

> I walked along the curb and about right here I saw the front door. There is a screen glass door in front of the main door that goes into the house. Both doors appeared to be closed. as I was checking the area I saw the front door open. As the front door opened I saw a Hispanic male just inside the doorway. He was wearing a red shirt, kind of loose fitting. When he saw me, he said, oh, shit, and shut the door and went back inside the house. . . .

> So when I saw somebody was inside the residence, I asked for more officers to arrive on Edgeware to help me out. And then I also sent officers to Glen Allen, which is the street north of Edgeware, in case whoever was in the house went through the backyard. . . .

> A little bit of time went by, I don't know, maybe a minute, and then I was still in the front yard approximately 20 or 30 feet away from the front door. I heard what sounded like a fence breaking in the backyard so I advised dispatch and other officers arriving on scene that the suspects or whoever was in the house were possibly going through the backyard. . . .

Officer Sargent then testified that another officer detailed Perez and brought him to 1910 Edgeware Drive, where Officer Sargent was able to identify Perez as the person he saw standing in the doorway. At trial, Officer Sargent also identified Perez in the courtroom as the person he saw standing in the doorway. He testified that he was

---

[2] This case was transferred to the Texas Court of Appeals in Corpus Christi–Edinburg from the Third Court of Appeals in Austin pursuant to a docket equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

"[o]ne hundred percent certain" that Perez was the individual he saw standing in the doorway."

*Perez*, 2013 WL 6924046, at *1–2.[3]

## C.   Petitioner's Grounds for Relief

Petitioner raises the following grounds for relief:

1. Petitioner's counsel was ineffective for:

   a. failing to consult with or advise Petitioner and failing to determine whether he was guilty of the crime charged;
   b. failing to object to photographic evidence introduced without witnesses present;
   c. failing to present evidence of clothes Petitioner was wearing;
   d. failing to investigate the case properly;
   e. representing Petitioner despite a conflict of interest;
   f. failing to convey a plea offer from the State; and
   g. failing to object to the trial court's decision not to direct a verdict in Petitioner's favor.

2. The evidence was insufficient to support a conviction, and exculpatory evidence proves Petitioner's innocence.

3. The Police improperly investigated the case.

4. The State committed perjury.

5. Petitioner's rights were otherwise violated because of a miscarriage of justice.[4]

---

[3] Petitioner objects to the factual background of the Court of Appeals as interpreted in the R&R, arguing he was never on the burglarized property and was detained at a different location.  The merits of Petitioner's objections, however, are irrelevant.  What actually occurred on the day of Petitioner's arrest is not at issue in this Application for Habeas Corpus Relief.  *See* analysis *infra* Part C.

[4] Grounds 1(e)–(g) and 5 were raised by Petitioner for the first time in his Reply.  *See* Pet.'s Reply [#15] at 2–5. While these ground would typically be waived, the Court will address them because Petitioner is proceeding pro se.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**D.      Exhaustion of State Court Remedies**

Respondent argues Petitioner's second claim is unexhausted and procedurally barred because he failed to raise the claim to the Court of Criminal Appeals in a petition for discretionary review. Respondent does not challenge Petitioner's remaining claims on exhaustion grounds.

**Analysis**

**A.      The Antiterrorism and Effective Death Penalty Act of 1996**

The Supreme Court has summarized the basic principles that have grown out of the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act. *See Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 783–85 (2011). The Court noted the starting point for any federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Court noted "[b]y its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington*, 131 S. Ct. at 784.

One of the issues *Harrington* resolved was "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." *Id.* Following

all of the Courts of Appeals' decisions on this question, the Court concluded the deference due a state court decision under § 2554(d) "does not require that there be an opinion from the state court explaining the state court's reasoning." *Id.* (citations omitted). The Court noted it had previously concluded "a state court need not cite nor even be aware of our cases under § 2254(d)." *Id.* (citing *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam)). When there is no explanation with a state court decision, the habeas petitioner's burden is to show there was "no reasonable basis for the state court to deny relief." *Id.* And even when a state court fails to state which of the elements in a multi-part claim it found insufficient, deference is still due to that decision because "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated." *Id.*

As *Harrington* noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. *Id.* at 785 (citing 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Dowthitt v. Johnson*, 230 F.3d 733, 740 (5th Cir. 2000) (quotation omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

*Id.* at 740–41 (quotation omitted).  Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 741 (quotation omitted).  The provisions of § 2254(d)(2), which allow the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by the terms of the next section of the statute, § 2254(e).  That section states a federal court must presume state court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence.  See 28 U.S.C. § 2254(e)(1).  But absent such a showing, the federal court must give deference to the state court's fact findings.  *Id.*

**B.**     **Ineffective Assistance of Counsel**

**I.**     **Legal Standard**

Ineffective assistance of counsel claims are analyzed under the well-settled standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984):

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant can make both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687.  In deciding whether counsel's performance was deficient, the Court applies a standard of objective reasonableness, keeping in mind judicial scrutiny of counsel's performance must be highly deferential.  *Id.* at 686-689.  "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of

counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (citation omitted). Ultimately, the focus of inquiry must be on the fundamental fairness of the proceedings whose result is being challenged. *Id.* at 695–97. Accordingly, in order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must show (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 687.

## II.    Application

In his first ground for relief, Petitioner argues his trial attorney's performance was ineffective for: (1) failing to consult with or advise Petitioner and failing to determine whether he was guilty of the crime charged; (2) failing to object to photographic evidence introduced without witnesses present; (3) failing to present evidence of clothes Petitioner was wearing; (4) failing to investigate the case properly; (5) representing Petitioner despite a conflict of interest; (6) failing to convey a plea offer from the State; and (7) failing to object to the trial court's decision not to direct a verdict in Petitioner's favor.

Because they are based on the same alleged omissions by Petitioner's trial attorney, the Court will address Petitioner's first and fourth ineffective assistance of counsel claims together. In these claims, Petitioner argues his trial counsel was neglectful by failing to consult with him, failing to inquire about or prepare any potential defense, and failure to attempt to determine whether he was

guilty of the charged offense. Petitioner also claims his trial counsel failed to investigate his case by not reviewing the prosecutor's file, not conducting an independent investigation of the case, not interviewing the State's witnesses, and not reviewing the enhancement allegations.

As thoroughly described in the R&R, Petitioner has failed to specify what facts would have been uncovered and how these facts would have been outcome-determinative had his trial attorney (a) properly consulted with him or (b) conducted a more comprehensive investigation. These omissions are fatal to his claims. *See, e.g.*, *Trottie v. Stephens*, 720 F.3d 231, 243–48 (5th Cir. 2013). Moreover, the Fifth Circuit has made clear conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). Petitioner's failure to include any specific facts or evidence concerning his trial attorney's alleged negligence means he does not raise constitutional issues before this Court.

Next, Petitioner faults his attorney for failing to object to the delayed introduction of a photograph of another man standing in front of a vehicle at the scene of the crime. According to Petitioner, this photograph was admitted after three eyewitnesses had testified and left the courtroom, meaning the eyewitnesses could not have made a positive identification without viewing and examining all of the evidence.[5]

However, Petitioner provides no reason why his attorney should have objected to the photograph at an earlier time and, even if there was a basis for objection, how either its exclusion or its admission during one of the eyewitness's testimony would have affected the outcome of the

---

[5] In his objections, Petitioner clarifies that he does not claim counsel was ineffective for failing to object to the admission of the evidence at all but rather that he was ineffective for failing to timely object to the admission of the evidence after all three eyewitnesses had left the courtroom. *See* Objections [#21] at 3.

trial.  To the extent Petitioner argues the eyewitnesses' testimony would have been different had they seen the photograph, he fails to explain how his attorney could have introduced it at trial.  Officer Sargent identified Petitioner, not the man in the photograph, as the burglar and this was a sufficient basis for the jury to convict him.

Petitioner also alleges his attorney was ineffective for failing to admit into evidence the clothing Petitioner wore the night of his arrest: a red shirt and light gray pants.  However, Petitioner is unable to overcome the presumption his attorney's decision to exclude the evidence might be considered sound trial strategy, particularly after all three eyewitnesses described the suspect as wearing clothes similar to the very clothes Petitioner argues should have been admitted.  *See* R&R [#18] at 9; *Strickland*, 466 U.S. at 689 (providing trial strategy is presumed to be reasonable and not a basis for ineffective assistance of counsel).  As noted by the Magistrate Judge, it seems the admission of Petitioner's clothes would actually strengthen the State's case considering each eyewitness reported a man in a red shirt.

In his Objections, it appears Petitioner also faults his attorney for another reason, insisting one of the eyewitness' description of the suspect in court was inconsistent with the description Petitioner believes the eyewitness described in a police affidavit.  *See* Objections [#21] at 4.  Petitioner seems to claim his attorney should have shown the court the eyewitness' description was therefore "wrong or uncertain."  *Id.*  Petitioner's objection is merely an attempt to argue the facts as he believes them to exist.  Other than Petitioner's own recollection of a conversation he claims he had with his attorney about a "police affidavit," Petitioner provides no evidence showing a prior description was inconsistent with the eyewitness's testimony at trial.  Moreover, the record shows Petitioner's attorney made a significant effort to question the eyewitness's credibility, cross-

examining him extensively about the suspect's clothing and his own eyesight. *See* St. Ct. R. [#11-6] at 16–22. Petitioner fails to raise any constitutional issue before the Court.

Next, Petitioner claims his attorney was predisposed against him because Petitioner had previously filed a grievance against him. Because Petitioner is unable to provide anything more than a conclusory allegation of an actual conflict, the Magistrate Judge properly concluded this claim fails, and Petitioner does not object in this regard.

Petitioner's next ineffective assistance claim alleges his attorney failed to convey a plea offer to him from the state. However, as explained by the Magistrate Judge, this claim is without any factual basis considering Petitioner received, and rejected, the plea offer in open court.

Petitioner's final ineffective assistance claim alleges his attorney failed to object to the court's refusal to direct a verdict of not guilty. However, Petitioner's claim fails because his attorney never moved for a directed verdict.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, the Court is of the opinion 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Petitioner's claim he received ineffective assistance of trial counsel.

## C.    Insufficiency of the Evidence

Petitioner presented his second ground for relief—the evidence was insufficient to support his conviction—in his direct appeal and in his state application for habeas relief. However, sufficiency of the evidence claims may only be raised on direct appeal and may not be raised in a

state habeas proceeding. *See, e.g., West v. Johnson*, 92 F.3d 1385, 1389 n.18 (5th Cir. 1996). Consequently, the Court looks to his direct appeal to determine whether his claim is exhausted.

To properly exhaust his sufficiency of the evidence claim on direct appeal, Petitioner is required to present his claim to the Texas Court of Criminal Appeals for review. *See Finley v. Johnson*, 234 F.3d 215, 219 (5th Cir. 2001). Because Petitioner failed to file a petition for discretionary review to the Texas Court of Criminal Appeals, Petitioner's claim is defaulted and beyond this Court's review. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92–93 (5th Cir. 1989).

**D.      Improper Police Investigation**

The Magistrate Judge concluded Petitioner's next claim—the police failed to conduct a thorough investigation of the burglary—is not cognizable under 28 U.S.C. § 2254. In his objections, Petitioner only reiterates his original claim, arguing the investigating officers violated one of his constitutional rights, and fails to address the Magistrate Judge's conclusion this claim belongs in a civil action under 42 U.S.C. § 1983. Because this Court agrees with the Magistrate Judge, Petitioner's improper police investigation claim is dismissed.

**E.      Perjury by the State**

Petitioner next claims the district attorney's brief to the Court of Appeals incorrectly stated certain eyewitnesses' description of the suspect matched the clothes Petitioner was wearing the night he was arrested and, for that reason, the State committed perjury. Contrary to Petitioner's allegations, however, the State's description was consistent with the witnesses' testimony at trial and only inconsistent with Petitioner's own interpretation of the events. Because the district attorney's brief did not include an incorrect statement of the facts, Petitioner's claim is without merit.

**F.      Miscarriage of Justice**

In alleging a miscarriage of justice, Petitioner makes several claims already addressed and adds three more, all of which the Magistrate Judge correctly found to lack any factual support. First, Petition claims he was denied his due process right to examine all of the State's evidence. However, Petitioner's attorney testified to having open access to the State's file and there is no evidence the State withheld anything material from Petitioner. *See* R&R [#18] at 15; *Brady v. Maryland*, 373 U.S. 83, 87 (1963) (". . . the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment. . . .").

Next, Petitioner alleges he was questioned without counsel present after his arrest and was never given *Miranda* warnings. However, Petitioner provides nothing to substantiate his *Miranda* claim. As explained by the Magistrate Judge, Petitioner does not explain how any information he revealed without an attorney present, if any, was used against him in trial. *See* R&R [#19] at 15.

Finally, Petitioner claims he was denied a preliminary hearing to determine whether the evidence was sufficient to proceed to trial. However, Petitioner fails to show or identify any constitutional violation. As explained by the Magistrate Judge, Petitioner's arrest, indictment, and conviction were supported by Officer Sargent's observations from the day of the burglary and the State's evidence against him.

## Conclusion

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Consequently, the Court agrees with the Magistrate Judge that Petitioner's request for habeas relief is unwarranted.

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Perez's § 2254 petition on substantive or procedural grounds, nor find the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484)). Thus, a certificate of appealability shall not issue.

Accordingly

IT IS ORDERED that Petitioner Amado Perez, Jr.'s Objections [#21] are OVERRULED;

IT IS FURTHER ORDERED that the Report and Recommendation of the United States Magistrate Judge [#18] is ACCEPTED;

IT IS FURTHER ORDERED that Petitioner Amado Perez Jr.'s Application for Habeas Corpus Relief [#4] is DENIED;

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the ___1st___ day of December 2015.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE